HOWARD MOORE, JR., SBN 55228
KOJO HOWARD MOORE, SBN 236483
Moore and Moore
445 Bellevue Avenue, Second Floor
Oakland, California 94610-4924
Telephone: (510) 451-0104
Facsimile: (510) 451-5056
Email: MoorLaw@aol.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEGGY MILES, and SAMMIE JORDAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>DFO, Inc. dba DENNY'S RESTAURANTS,<br>Does 1 through 10, Inclusive,<br><br>    Defendant. | Civil Action No.<br><br>COMPLAINT FOR DAMAGES<br>[Racial Discrimination in a Place<br>Public Accommodations]<br><br>C05 03420<br><br>Jury Trial Demanded |

A.     JURISDICTION

1.     Jurisdiction of the Court over the complaint is invoked pursuant to the provisions of 28 United States Code §§ 1331, 1332(a) and 1343(4). This action is brought pursuant to Title II of the Civil Rights Act of 1964, as amended, §201, to remedy discrimination in a place of public accommodations in which, among other things, a substantial part of the goods or services have moved in interstate commerce. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

2.     The supplemental jurisdiction of the Court over claims which arise under state law is invoked pursuant to 28 United States Code §1367(a). The state law claim for violation of

Civil Code §51(a), the Unruh Civil Rights Act, is so related to claim within the original jurisdiction of this Court that it forms a part of the same case or controversy under Article III of the United States Constitution.

### B.   INTRA DISTRICT ASSIGNMENT

3.   This civil action should be assigned to the San Jose Division of this Court. All or substantially all of the events which give rise to the claims in this civil action occurred in Santa Clara County. The convenience of the parties and witnesses and the interests of justice will be served by assignment of this civil action to the San Jose Division.

### C.   PARTIES

4.   Plaintiffs named herein are:

(a)   Peggy Miles who is an adult, African American female citizen of the United States and a citizen of the State of California who resides in Alameda County, California.

(b)   Sammie Jordan who is an adult, African American male citizen of the United States and a citizen of the State of California who resides in Alameda County, California.

5.   DFO, Inc. dba Denny's (hereinafter "Denny's") is the Defendant named herein. Denny's is incorporated in the State of Delaware, and, at all times relevant herein, maintained its principal corporate offices and headquarters in Spartanburg, South Carolina. Defendant Denny's is engaged in the business of operating family style restaurants throughout the United States. Defendant operates as a franchise the Denny's Restaurant located at 2484 Berryessa Road, San Jose, California, which is a place of public accommodations within the meaning of Title II of the Civil Rights Act of 1964, as amended, as well as a business establishment within the meaning of California Civil Code §51.

6.   The true names and capacities, whether individual, corporate, associate, or otherwise of Defendant Does 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of said Defendants designated herein as a fictitiously named Defendant is in

some manner responsible for the events and happenings herein referred to, either contractually or tortuously. Plaintiff will seek leave to amend this Complaint to state the true names and capacities of said Defendants when the same have been ascertained.

7.      Plaintiff is informed and believes and thereupon alleges that each of the Defendants, including the fictitiously named Defendants, was at all times pertinent hereto the agent, servant, employee, joint venturer and/or partner of each of the codefendants, including the fictitiously named Defendants, and in doing the acts herein alleged, each Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification, whether said authority was actual or apparent. As used herein, the term "Defendants" means all Defendants, both jointly and separately, including all fictitiously named Defendants, unless otherwise specified by reference to a specifically named Defendant.

D      STATEMENT OF FACTS

8.      On Saturday, April 2, 2005, around 10:30 a.m., Ms. Miles and Mr. Jordan went to Denny's located at 2484 Berryessa Road, San Jose, California. Plaintiffs were forced to wait for 20 to 30 minutes before they were seated at a table. White patrons who entered the restaurant after Plaintiffs were seated immediately. Plaintiffs were eventually seated at a table near a water cooler which did not have service on it; i.e., table ware, napkins, and water. After placing their order, Plaintiffs were made to wait for an hour before their order was taken. They were forced to wait an additional 20 or 30 minutes before their order was brought to their table. When their food arrived, it was cold, greasy, and looked as though it was swimming in some type of liquid. Plaintiffs refused the food and sent it back. When Plaintiffs asked for ice for the lemonade which was brought to their table, they were told that Denny's did not serve lemonade with ice. Ms. Miles spoke to a person she believed was the manager about the hot lemonade, he told her that it was Denny's policy not to serve ice with lemonade. On information and belief and Plaintiffs allege thereon that they were the only African Americans in the restaurant at the time.

---

9. Ms. Miles wrote Denny's and complained about the racial discrimination to which she and Plaintiff Jordan were subjected. On April 11, 2005, Irene Horton, a Customer Relations Specialist, Denny's Customer Relations, in Spartanburg, South Carolina, replied to Ms. Miles' letter. Ms. Horton wrote Ms. Miles that Denny's would conduct a thorough review of her complaints and all related issues would be addressed, and appropriate action taken. Ms. Miles has not heard from Ms. Horton or Denny's since.

10. The acts or omissions of Defendant of which Plaintiffs complain herein are the direct legal cause of mental and physical pain and suffering to Plaintiffs for which she seeks recovery of general compensatory and special damages in an amount according to proof at trial.

11. The intentional acts or omissions of Defendant of which Plaintiffs complain herein were done with malice or in reckless disregard of her right to equal enjoyment of all the privileges and amenities of a place of public accommodation or business establishment guaranteed by federal and state law against discrimination on the basis of race or color. For the intentional malicious or reckless disregard of Plaintiffs' rights, Plaintiffs seek an award of punitive damages to make an example of Defendant and deter it from committing such acts in the future in an amount according to proof at trial.

E.  CLAIMS FOR RELIEF
FIRST CLAIM FOR RELIEF- RACE DISCRIMINATION
[Violation of Title II of the Civil Rights Act of 1964, as amended]

12. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 11 as though they were fully set forth herein.

13. Defendant intentionally discriminated against Plaintiffs on the grounds of their race (African American) or color (Black) in a place of public accommodations by denying them the full and complete enjoyment of all of the services, advantages, accommodations, facilities, and privileges in violation of Title II of the Civil Rights Act of 1964, as amended (§201).

WHEREFORE, Plaintiffs pray for judgment on this claim for relief as hereinafter alleged.

---

SECOND CLAIM FOR RELIEF -RACE DISCRIMINATION
[Violation of Cal. Civil Code §51(a), the Unruh Civil Rights Act]]

14. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 11 as though they were fully set forth herein.

15. At all times mentioned herein, Defendant was and is a business establishment within the meaning of the Unruh Civil Rights Act. Defendant was the owner, proprietor, lessor, or franchiser of a business establishment engage in the business of the sale of food and drink to be consumed on the premises commonly known and designated "Denny's," located 2484 Berryessa Road, San Jose, California. During the time Plaintiffs were on the above-mentioned premises, food and drink such as Plaintiffs ordered were serve and sold to other patrons of Defendant's establishment who arrived before and after Plaintiffs.

16. Defendant and Does 1 through 10, and each of them, denied Plaintiffs the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged herein, on account of Plaintiffs' race or color.

17. Defendant intentionally discriminated against Plaintiffs on the grounds of their race (African American) or color (Black) in a business establishment by denying them the full and complete enjoyment of the services, advantages, accommodations, facilities, and privileges provided to other persons in violation of the California Civil Code §51(a)).

18. As a proximate result of the wrongful acts of Defendant, Plaintiffs are entitled to recover statutory damages in the amount of $4,000, plus attorney's fees, as provided in California Civil Code §52.

19. The above-recited actions of Defendant were done with malice, fraud, or oppression, and in reckless disregard of Plaintiffs' rights for which an award of punitive damages is appropriate.

WHEREFORE, Plaintiff prays for judgment on this claim for relief as hereinafter alleged.

---

---

E.   PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

(A)   For general, special, and punitive damages according to proof at trial on all claims for relief;

(B)   For such injunctive and equitable relief as may be meet and appropriate and authorized under the provisions of Title II of the Civil Rights Act of 1964, as amended, and under the provisions of the California Civil Code §§51 and 52;

(©)   For attorney's fees and costs of suit pursuant to 42 United States Code §1988 and the Civil Rights Act of 1964, as amended (§207); and pursuant to California Code of Civil Procedure §1021.5 and California Civil Code § 52; and

(D)   For such other and further relief as the Court may deem, meet and appropriate, including other appropriate equitable relief.

Dated: August 18, 2005

_____
HOWARD MOORE, JR.
Attorney for Plaintiffs

JURY TRIAL DEMANDED

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues triable to a jury in their complaint.

Dated: August 18, 2005

_____
HOWARD MOORE, JR.
Attorney for Plaintiffs